IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AURORA LOAN SERVICES, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CAUSE NO. 4:12cv202 |
| | § | |
| JANET S. LEITNER AND STAN LEITNER | § | |
| AND/OR ALL OTHER OCCUPANTS, | § | |
|     Defendants. | § | |

## **REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Having reviewed the record in this case, the Court finds that this matter should be REMANDED.

### BACKGROUND

This is a removal filed by a *pro se* Defendant. While Defendant did not include all of the records from state court in her removal paperwork, the following dates are clear from the materials filed. This forcible detainer suit was originally filed by Plaintiff in the Justice of the Peace Court, Precinct 3, Place 1, Denton County on March 1, 2012 (*see* Dkt. 1-3, Page ID # 7). According to the Original Petition for Forcible Detainer, Plaintiff is the owner of Property located at 925 Ranch Road, Copper Canyon, Texas, following a foreclosure, but Defendants Janet S. and Stan Leitner have failed to vacate and surrender possession of it. It appears that Defendants were served with the forcible detainer action on March 6, 2012 (*see* Dkt. 1-2 at Page ID #6). Sometime after that, prior to March 28, 2012, Defendants apparently appealed the Justice of the Peace Court's rulings (a ruling which

1

is not reflected in the record) to the County Court at Law 2 of Denton County (*see* Dkt. 1-4, Page ID #11).[1] Then, on April 9, 2012, Defendant Janet S. Leitner removed the matter to this Court, arguing the Court has diversity jurisdiction over Plaintiff's request for possession of the Property. As set forth below, the Court finds that the case should be remanded.

## STANDARD

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c).

## ANALYSIS

Defendant's removal fails for various reasons, and remand is mandatory here. First, it appears that Defendant's removal was not made within 30 days of receipt by the Defendant of the

---

[1] The Court also notes that the publicly available docket sheet for the Justice of the Peace Court indicates that Defendants were both served on March 6, 2012, that a trial by judge was held on March 13, 2012, and that the appeal to county court was filed on March 23, 2012. *See* http://justice1.dentoncounty.com/PublicAccess/CaseDetail.aspx?CaseID=2019462. *See also* http://justice1.dentoncounty.com/PublicAccess/CaseDetail.aspx?CaseID=2025903

initial pleading setting forth a claim for relief as required by 28 U.S.C. § 1446(b).  The original petition in the removed case was served on Defendant on March 6, 2012.  Therefore, any removal should have been made by April 5, 2012.  It was not.  The parties' diversity was apparent on the face of Plaintiff's original petition.  Even under Defendant's theory of diversity jurisdiction, the removal was not timely.

Also, Defendant's removal is barred by 28 U.S.C. § 1441(b) and the "forum defendant rule." Section 1441(b) states, in part, that a case removed on diversity may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Defendant is a Texas resident.

The Court also notes that, by seeking an appeal to the Collin County Court at Law, Defendants availed themselves of the mechanisms of the state courts and waived their right to remove the action to federal court.  *Brown v. Demco, Inc.*, 792 F. 2d 478, 481 (5th Cir. 1986).  They cannot now come to this Court seeking a different result.

The Court also notes that the state suit names Janet S. Leitner, Stan Leitner and all other occupants as Defendants and both Janet S. Leitner and Stan Leitner made appearances in the state court matter but only Defendant Janet S. Leitner removed.  The record contains no evidence that all Defendants consented to her removal, as is required by 28 U.S.C. § 1446(b)(2)(A).

More importantly, even if the removal was timely or not waived or procedurally or otherwise defective, there does not appear to be any valid basis for federal jurisdiction here.  Defendant removed this case based on diversity of the parties under 28 U.S.C. § 1332.  Suits are removed on

the basis of diversity jurisdiction when the suit involves a controversy between citizens of different states *and* the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. While there may be diversity of citizenship between the parties here, Defendant has not shown that the amount in controversy exceeds $75,000, and it was Defendant's burden to make such a showing. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). Defendant argues that the amount in controversy exceeds $75,000 because the fair market value of the Property is $650,000, however, the forcible detainer action only seeks *possession* of the already foreclosed on property. Ownership of the home is not a matter in controversy here. As one Texas Court of Appeals noted:

> The primary object of a [forcible entry and detainer or forcible detainer] suit is a recovery of possession. The primary issue is a right to possession. There may be joined in said suit a cause of action to recover delinquent rents payable under the contract if the amount is within the jurisdiction of the justice court. Rule 738, Texas Rules of Civil Procedure. However, this is rent as such and not damages for wrongful withholding of the premises or other benefits accruing to the appellees under the contract.

*Dews v. Floyd*, 413 S.W.2d 800, 805, 413 S.W.2d 800 (Tex. Civ. App. 1967, writ dism'd); *see also Hart v. Keller Props.*, 567 S.W.2d 888, 889, 567 S.W.2d 888 (Tex. Civ. App. 1978) ("The rule is settled that the measure of the lessor's damages for withholding possession pending appeal of the forcible detainer action is the reasonable rental value.").

Finally, nothing about the state law action appears to raise issues of federal law, therefore, there was no federal subject matter jurisdiction upon which to base removal under, and remand is appropriate. Forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law. *See* TEX. PROP. CODE ANN. § 24.001, *et seq.*

Defendant has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). She has not done so, and given the record here, cannot do so. Removal was improper and the case must be remanded.

### Recommendation

It is, therefore, recommended that this case be remanded to the County Court at Law #2, Denton County, Texas for further proceedings.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 13th day of April, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE